IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL TODD DUNN,       )
                            )
          Petitioner,     )   Civ. No.  07-420-TC
                            )
    vs.                 )
                            )
                            )   FINDINGS AND RECOMMENDATION
                            )
JEAN HILL,             )
                            )
          Respondent.    )

Coffin, Magistrate Judge:

Before the court is petitioner's petition for writ of habeas corpus (#23). For the reasons that follow, the petition should be denied.

BACKGROUND

Petitioner was convicted of delivery of a controlled substance within 1000 feet of a school, delivery of a controlled substance, and possession of a controlled substance after entering a guilty plea. Resp. Ex. 103, 106. Under the Oregon Sentencing Guidelines, the seriousness level of his crime and his criminal history score indicated a presumptive prison term of 29 to 34 months. Resp. Ex. 103.

Based on petitioner's "persistent similar offenses," "violation of the public trust" and for "other" reasons, he received an enhanced sentence of 68 months followed by 36 months' post-prison supervision on October 23, 2003. Resp. Ex. 106. Petitioner's counsel did not object to the sentence, and

1 Findings and Recommendation

petitioner did not appeal his conviction.  Pet. Ex. F.

Citing <u>Apprendi v. New Jersey</u>, 530 U.S. 336 (2000), petitioner filed for post-conviction relief, alleging that his conviction and enhanced sentence violated various constitutional guarantees, and that trial counsel was ineffective for failing to object to the enhanced sentence, notify petitioner that there was an issue meriting appeal, investigate, prepare and try petitioner's case, and defend petitioner at sentencing.  Resp. Ex. 107.  Upon denial of post-conviction relief, petitioner appealed to the Oregon Court of Appeals, which affirmed without an opinion, and to the Oregon Supreme Court, which denied review. Resp. Ex. 113, 117, 118.

In his amended habeas corpus petition before this court, petitioner recited that he incorporated the original petition and raised two grounds for relief, asserting:

ONE: The trial court violated petitioner's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution when it sentenced him to an upward departure based on facts found by the judge, rather than by a jury, and not found beyond a reasonable doubt.

Supporting facts: The aggravating facts found by the trial judge as the basis for imposing an upward departure sentence were neither found by a jury nor found beyond a reasonable doubt.  The departure sentence imposed doubled the sentence petitioner faced had the judge not found those facts.

TWO: Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Supporting facts: Trial counsel failed to (a) properly inform petitioner about potential penalties, (b) object to the upward departure sentence imposed, (c) properly inform petitioner about his appellate rights, and (d) file a notice of appeal in petitioner's case.

2 Findings and Recommendation

Petitioner moved for conditional release, or, in the alternative, expedited review, contending that his enhancement-related claims would ultimately warrant release because petitioner has served 34 months, the maximum sentence he could have received without the assertedly illegal enhancement. This court denied the motion for conditional release but granted petitioner's request for expedited review and has permitted the parties to follow an accelerated briefing schedule.

Now, at the close of briefing and after a hearing on all matters at issue, I recommend dismissal of petitioner's claims.[1]

CLAIM ONE

Petitioner asserts that the post-conviction court erred in determining that the imposition of an enhanced sentence, based on facts not found by a jury beyond reasonable doubt, was not contrary to federal law.[2] Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in a state court unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established

---

[1] Petitioner explains that the amended petition was filed "to clarify" petitioner's federal claims as articulated in the initial petition. Pet. Memo. at 7. The court does not recommend relief on untraversed claims. 28 U.S.C. § 2248.

[2] Although petitioner did not directly appeal this issue to the Oregon appellate courts, the post-conviction court did not rely on a state procedural bar in disposing of the claim. See Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (procedural default applicable where state court opinion "clearly and expressly states that its judgment rests on a state procedural bar.") (quoting Harris v. Reed, 489 U.S. 255, 263 (1989)). Rather, it addressed the merits Resp. Ex. 113. As such, this issue is not procedurally defaulted.

3 Findings and Recommendation

Federal Law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The Supreme Court has explained that a state court decision is "contrary to" federal law under the AEDPA if it either fails to apply the correct Supreme Court authority or applies the correct controlling authority to a case involving "materially indistinguishable" facts but reaches a different result. <u>Williams v. Taylor</u>, 529 U.S. 362, 405-07, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003) (citations omitted).

"In <u>Williams</u> and in subsequent decisions the Supreme Court has repeatedly emphasized that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting <u>Williams</u>, 529 U.S. at 410). Thus, "[t]he petitioner must demonstrate not only that the state court's application of governing federal law was erroneous, but also that it was objectively unreasonable." <u>Ramirez v. Castro</u>, 365 F.3d 755, 762 (2004) (citing <u>Andrade</u>, 538 U.S. at 75); <u>see also</u> <u>Penry v. Johnson</u>, 532 U.S. 782, 793 (2001); <u>Clark</u>, 331 F.3d at 1068-69 (discussing <u>Andrade</u> and the appropriate standard of review).

Petitioner bases his argument on an application of the <u>Apprendi</u> rule that was not made clear until <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), was issued during the year after petitioner was sentenced. In short, petitioner argues that

4 Findings and Recommendation

Apprendi required a jury to find enhancement factors beyond a reasonable doubt, and even if that requirement was unsettled at the time of petitioner's sentencing, his defense counsel was inadequate for having failed to object to the enhancement. Leaving aside the ineffectiveness claim for the moment, it is clear that, at the time of petitioner's sentencing, the trial court did not contravene federal law in assuming the role of factfinder to arrive at the findings used to support the enhanced sentence.

The parties agree that, at the time petitioner was sentenced, Apprendi v. New Jersey governed the federal jury trial right of offenders in sentencing proceedings. Under the rule of Apprendi, "Other than the fact of a prior conviction, any fact that increase[s] the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Apprendi, 530 U.S. at 490.

At the time of petitioner's sentencing, Oregon courts applying Apprendi understood the applicable "statutory maximum" for felonies to consist of terms set forth in Or. Rev. Stat. § 161.605, which set maximum terms of imprisonment for various classes for felonies. See, e.g., State v. Dilts, 39 P.3d 276 (Or. App. 2002), aff'd 82 P.3d 593 (Or. 2003), vacated by Dilts v. Oregon, 542 U.S. 934 (2004). For petitioner's crime, a Class A felony, the "statutory maximum" was 20 years under that standard. Then-current Supreme Court authority reaffirmed the role of judicial factfinding in sentencing as long as the sentence did not exceed statutory limits. See, e.g., Apprendi, 530 U.S. at 481 ("nothing in this history suggests that it is

5 Findings and Recommendation

impermissible for judges to exercise discretion-taking into consideration various factors relating both to offense and offender-in imposing a judgment within the range prescribed by statute.").

What would change about Oregon sentencing only later -- and provide a basis for petitioner's argument in post-conviction proceedings -- is the meaning of "statutory maximum" for Apprendi purposes. That change came in 2004 with the clarification of Apprendi in Blakely v. Washington, 542 U.S. 296 (2004). The defendant in Blakely pleaded guilty to kidnapping and use of a firearm. Blakely, 542 U.S. at 298-99. Like Oregon's sentencing guidelines, those at issue in Blakely established a presumptive sentence for a particular crime. Id. at 300. Both schemes also permit the sentencing court to impose a sentence above the standard range based on certain findings that would justify a departure. In Blakely, the standard range for the crime to which defendant pleaded guilty was 49 to 53 months. Finding that the defendant had acted with "deliberate cruelty" (one of several enumerated grounds for departure) the trial court departed upward to 90 months. Id.

The defendant argued that imposing a sentence in excess of the standard-range maximum under the state sentencing guidelines, based on facts not found by a jury, violated his jury trial and due process rights. The state contended that the relevant statutory maximum for Apprendi purposes was the 10-year maximum for Class B felonies and not a standard-range maximum under the state sentencing guidelines. Id. at 302.

The Court rejected the state's argument and set forth a

6 Findings and Recommendation

definitive measure of "statutory maximum" for <u>Apprendi</u> purposes:

> Our precedents make clear * * * that the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

<u>Id</u>. at 303-04.

In the wake of <u>Blakely</u>, the Oregon Supreme Court adjusted its understanding of "statutory maximum" accordingly, so that the presumptive sentence under the guidelines, rather than the maximum penalties for various classes of felonies under Or. Rev. Stat. § 161.605, set the ceiling beyond which enhancement factors must be proved to a jury beyond reasonable doubt. <u>State v. Dilts</u>, 103 P.3d 95 (Or. 2004). In the same month, Oregon courts clarified that enhancement of a sentence based on a finding of "persistent involvement" required a jury determination, rather than a review of the bare facts of a defendant's prior crimes. <u>State v. Perez</u>, 102 P.3d 705 (Or. App. 2004), rev'd on other grounds, 131 P.3d 168 (Or. 2006).

It would not be an exaggeration to assert that the pronouncement of federal constitutional law in <u>Blakely</u> occasioned a sharp departure from Oregon sentencing as it was conducted post-<u>Apprendi</u>, on the basis of the clarification of "statutory maximum." <u>See Peralta-Basilio v. Hill</u>, 126 P.3d 1 (Or. App. 2005), rev. denied, 132 P.3d 1056 (Or. 2006) (discussing effect of <u>Blakely</u>). The fact that no post-<u>Apprendi</u> federal circuit court of appeals decided issues analogous to those presented in <u>Blakely</u> in the way that the Supreme Court finally did exemplifies

7 Findings and Recommendation

the unforeseeability of the <u>Blakely</u> holding. <u>Id</u>. at 3 (collecting cases).

As noted above, petitioner was sentenced prior to the <u>Blakely</u> Court's clarification of <u>Apprendi</u>'s "statutory maximum" term. In view of this timeline, I cannot agree with petitioner that the post-conviction court erred in determining that the trial court's sentencing was "contrary to" <u>Apprendi</u> as it was understood prior to <u>Blakely</u>. I recommend dismissal on this claim.

<u>CLAIM TWO</u>

In his second claim, petitioner asserts that his defense attorney provided constitutionally ineffective assistance in a number of specifications set forth in his "supporting facts" for that count. Because the first and fourth specifications are defaulted, I address the second and third only.[3]

In ineffective assistance of counsel cases, the applicable federal is the <u>Strickland</u> standard, which states that a defendant alleging a Sixth Amendment violation must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). Thus, the

---

[3] The first and fourth grounds were not presented in the state proceedings. Resp. Ex. 114. Even if the court were to consider them in conjunction with the third ground, the ineffectiveness claim would nonetheless fail on the merits because I reject petitioner's underlying argument. The third ground was presented to PCR court and to the Oregon Supreme Court, but not to the Oregon Court of Appeals. Because the PCR court's disposition and the Oregon Supreme Court's denial of review on that ground do not clearly rely on a state procedural bar, I consider it. <u>Thomas v. Goldsmith</u>, 979 F.2d 746, 749 (1992).

8 Findings and Recommendation

task of the habeas court is to consider whether the post-conviction court implemented an unreasonable application of Strickland when it determined that petitioner was not denied effective assistance of counsel.

Petitioner argues that his trial counsel was ineffective for (1) failing to object to the sentencing enhancement on the basis that it rested on facts not found by a jury beyond a reasonable doubt, and (2) for failing to advise petitioner to appeal his sentence based on the asserted error. He presents an affidavit from his trial counsel in which his attorney asserts that he believed that his professional conduct fell below constitutional standards. Pet. Ex. F. Again, the timeline of post-Apprendi legal developments stands in the way of petitioner's argument.

For purposes of the Strickland test, the reviewing habeas court evaluates a trial attorney's conduct "as of the time of counsel's conduct." 466 U.S. at 690. Here, hindsight can be especially distorting. As noted above, at the time of petitioner's sentencing, Blakely had not yet been decided, and, in the case of felonies, the "statutory maximum" for Apprendi purposes was not yet clarified to take on the meaning that it did post-Blakely. At post-conviction, as here, petitioner argued essentially that the iteration of Apprendi later announced in Blakely should have been applied, and his attorney should have argued at trial that the "statutory maximum" for Apprendi purposes was the presumptive sentence under Oregon's guidelines scheme, and advised an appeal on that basis. Resp. Ex. 107, ¶¶ 8-12. In light of the legal context at the time, it is not error to conclude that such an expectation would exceed the standard of

9 Findings and Recommendation

professional care required under <u>Strickland</u>.  <u>See</u> <u>United States</u>
<u>v. Gonzalez-Lerma</u>, 71 F.3d 1537, 1542 (10th Cir. 1995), cert.
denied,  517 U.S. 1114 (1996) ("the failure of an attorney to
foresee  future  developments  in  the  law"  does  not  constitute
inadequate assistance), overruled on other grounds, <u>United States</u>
<u>v. Flowers</u>, 441 F.3d 900 (10th Cir. 2006); <u>Cooks v. United</u>
<u>States</u>, 461 F.2d 530, 532 (5th Cir. 1972) ("counsel's inability
to foresee future pronouncements which will dispossess the Court
of  power  to  impose  a  particular  sentence  which  is  presently
thought   viable   does   not   render   counsel's   representation
ineffective").

     The post-conviction court did not implement an unreasonable
application of the <u>Strickland</u> in determining that petitioner's
trial counsel was not constitutionally inadequate for failing to
object to the "statutory maximum" under <u>Apprendi</u>, nor for failing
to advise his client to appeal his sentence.  The post-conviction
court  provided  a  reasoned  decision,  adding  reference  to
<u>McClanahan v. Hill</u>, 112 P.3d 456 (Or. App.), rev. denied, 124
P.3d 609 (Or. 2005), which held, "<u>Blakely</u> and <u>Apprendi</u> do not
apply retroactively in a collateral proceeding[.]"  I recommend
dismissal on this claim.


                          CONCLUSION

     Petitioner's petition for writ of habeas corpus (#23) should
be   denied,   and   this   case   should   be   dismissed.   This
recommendation is not an order that is immediately appealable to
the  Ninth  Circuit  Court  of  Appeals.   Any  notice  of  appeal
pursuant  to  Rule  4(a)(1),  Federal  Rules  of  Appellate  Procedure,

should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Dated this 21 day of February, 2008.


THOMAS M. COFFIN
United States Magistrate Judge

11 Findings and Recommendation