FILED' 08 MAY 05 10:04USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL TODD DUNN,                               Civ. No. 07-420-TC

    Petitioner,                                  ORDER

  v.

JEAN HILL, Superintendent,

    Respondent.

Aiken, Judge:

    Magistrate Judge Coffin issued his Findings and Recommendation in the above-captioned action on February 21, 2008. Magistrate Judge Coffin recommends that the petition for habeas corpus relief under 28 U.S.C. § 2254 be denied and the case dismissed, finding that petitioner failed to establish that his sentence violated his right to jury trial or that he received ineffective assistance of counsel. The matter is now before me. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

-1-   ORDER

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff timely filed objections to the Findings and Recommendation. Upon de novo review of Magistrate Coffin's findings and recommendation, I find no error and deny the petition.

Petitioner essentially raises two claims for relief: 1) his sentence was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), because the sentencing judge departed upward based on facts found by the judge rather than a jury; 2) his counsel rendered ineffective assistance by failing to object to the departure sentence and preserving the issue for appeal, and by failing to advise petitioner of his appeal rights.

Petitioner did not directly appeal his sentence. Instead, petitioner raised these claims in a petition for post-conviction relief (PCR). On the State's motion for partial summary judgment, the PCR court denied relief on two of petitioner's claims alleging ineffective assistance of counsel, finding: "Blakely does not apply retroactively, and, in any event, Petitioner stipulated to the prior convictions upon which the departure sentence was based which would not constitute an improper sentence even if Blakely was

-2-  ORDER

applicable."[1]  Resp. Ex. 114, p. 15.  After hearing on the remainder of petitioner's claims, the PCR court found that petitioner had failed to prove his allegations and cited a Oregon Court of Appeals case that held "Blakely and Apprendi do not apply retroactively in a collateral proceeding such as this one." McClanahan v. Hill, 200 Or. App. 9, 10, 112 P.3d 456 (2005) (per curiam); Resp. Ex. 114, p. 16.

The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  Resp. Exs. 117, 118.  Thus, the court looks to the PCR court's ruling to determine whether it is contrary to or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 405-07, 413 (2000); see also Penry v. Johnson, 532 U.S. 782, 793 (2001) ("[E]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.").  I find that it is not.

As explained by Magistrate Judge Coffin, at the time petitioner was sentenced, it was well settled under Oregon law that

---

[1] The PCR court rendered this ruling with respect to the claims raised in paragraphs 11 and 12 of the PCR petition. Those claims alleged ineffective assistance on the part of trial counsel based on the failure to object to the sentence and the failure to advise petitioner that the judge's departure sentence was an appealable issue. Resp. Ex. 107, p. 4.

-3-   ORDER

the "maximum sentence" for purposes of Apprendi was the maximum sentence pursuant to statute, not the presumptive sentencing guidelines range absent enhancements. See State v. Dilts, 179 Or. App. 238, 247-48, 39 P.3d 276 (2002); aff'd, 336 Or. 158, 82 P.3d 593 (2003), vacated by Dilts v. Oregon, 542 U.S. 934 (2004). Therefore, I agree with Magistrate Judge Coffin that petitioner's sentence was not contrary to or an unreasonable application of Apprendi as understood prior to Blakely. Notably, the PCR court was also correct that, under current law, Blakely does not apply retroactively to cases on collateral review. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005); McClanahan, 200 Or. App. at 10, 112 P.3d 456.

Further, the PCR court found that even if Blakely had applied, petitioner's sentence would not have been unconstitutional, because petitioner stipulated to the criminal history that formed the basis for the departure sentence. Resp. Ex. 114, p. 15; see Resp. Ex. 104, p. 7; Ex. 105, p. 6; Ex. 106, pp. 5-6. The Supreme Court has held repeatedly that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Apprendi, 530 U.S. at 490 (emphasis added); Blakely, 542 U.S. at 301 (accord); United States v. Quintana-Quintana, 383 F.3d 1052, 1053 (9th Cir. 2004) ("In Blakely, the Supreme Court explicitly preserved its prior holding

-4-   ORDER

in [Apprendi and Almendarez-Torres v. United States, 523 U.S. 224 (1998)], that a sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury[.]"). Here, the sentencing judge stated several times that petitioner's criminal history and recidivism was the reason for departing upward based on persistent criminal history. Resp. Ex. 106, pp. 35-36, 37. Therefore, I do not find the PCR court's ruling to be an unreasonable application of clearly established federal law.

Likewise, given the fact that the sentencing judge relied on petitioner's criminal history in departing upward, I cannot find that defense counsel's failure to object to the court's findings at sentencing on Sixth Amendment grounds was "objectively deficient" so as to render the PCR court's decision objectively unreasonable. See Strickland v. Washington, 466 U.S. 668, 687, 690-91 (1984). Moreover, petitioner cites no case finding ineffective assistance of counsel based on the failure to object on Apprendi grounds prior to the Supreme Court's decision in Blakely, which is not surprising given that Blakely triggered a "sea change in the body of sentencing law." United States v. Ameline, 376 F.3d 967, 973 (9th Cir. 2004), superseded on rehearing en banc by 409 F.3d 1073 (9th Cir. 2005).² Finally, even if counsel's failure to object and advise petitioner of his appeal rights was constitutionally

---

²Petitioner cites Nichols v. United States, 501 F.3d 542 (6th Cir. 2007) in support of this argument, but the Sixth Circuit has since granted rehearing *en banc* in Nichols and vacated the opinion.

-5-   ORDER

deficient, petitioner cannot establish prejudice. Strickland, 466 U.S. at 687, 690-91. As explained above, the PCR court's finding that petitioner's sentence did not violate Blakely - even if it had applied - was not an objectively unreasonable application of clearly established federal law.

THEREFORE, IT IS HEREBY ORDERED that Magistrate Judge Coffin's Findings and Recommendation (doc. 40) filed February 21, 2008 is ADOPTED, with the additional findings stated above. The petition under 28 U.S.C. § 2254 (doc. 23) is DENIED and this case is DISMISSED. Petitioner's motion for release or to expedite ruling (doc. 42) is DENIED as moot.

IT IS SO ORDERED.

Dated this 2 day of May, 2008.

Ann Aiken
United States District Judge